UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JEANNETTE ZIROGIANNIS, an
individual, on behalf of herself and all
others similarly situated,　　　　　　　　　　　　**MEMORANDUM & ORDER**
　　　　　　　　Plaintiffs,
　　-against-　　　　　　　　　　　　　　　　　　Civil Action No. 14-3954

NATIONAL RECOVERY AGENCY, INC.,
　　　　　　　　Defendant.
--------------------------------------------------------X

**APPEARANCES:**

**For Plaintiffs:**
Abraham Kleinman, Esq.
626 RXR Plaza
Uniondale, New York 11556-0626

**For Defendant:**
The Salvo Law Firm, P.C.
185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006

**HURLEY, Senior District Judge:**

Plaintiff Jeanette Zirogiannis ("plaintiff") commenced this action alleging Defendant National Recovery Agency, Inc. ("defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Presently before the Court is plaintiff's motion (1) to certify a class consisting of " (a) all natural person[s] in the State of New York; (b) to whom Defendant sent a written communication containing language materially similar to Exhibit C of the Complaint; (c) subsequent to a request for a validation pursuant to the FDCPA; (d) which was not returned as undelivered by the United States Postal Service; [and] (e) during the one year immediately preceding the filing of the Complaint and ending 21 days thereafter; " (2) appointing plaintiff class representative, and (3) appointing Abraham Kleinman as class counsel. (Pl.'s Notice of Motion [DE 33] at p. 1.) Because, as set forth below, the motion is not

properly supported by evidentiary material such as affidavits, depositions, declarations, and exhibits, it is denied.

"In determining whether class certification is appropriate, the district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy." *Teamsters Local 445 Freight Div. Pension Fund v. Bombadier*, 546 F.3d 196, 201-02 (2d Cir. 2008). If these preconditions are met, the court must then determine whether the putative class can be certified under any of the three subsections of Rule 23(b). *See Brown v. Kelly*, 609 F.3d 467, 475-76 (2d Cir. 2010). The party seeking class certification bears the burden of showing, by a preponderance of the evidence, that the requirements of Rule 23 are met. *Teamsters*, 546 F.3d 201-04.

Plaintiff's moving papers consist solely of a notice of motion, memorandum in support and declaration of Abraham Kleinman, which declaration addresses only the propriety of appointing Mr. Kleinman class counsel. (DE 33) Her reply papers include a memorandum, a copy of plaintiff's deposition, a UPS tracking sheet relating to the deposition errata sheet, and the transcript of a fairness hearing in another FDCPA case. (DE 33-5.)

Plaintiff's submission is inadequate to support her motion for class certification. There is no *evidentiary* basis for the Court to conclude that the numerosity requirement has been met. Plaintiff asserts in her memorandum, without any reference to supporting evidence, that "Defendant has admitted that 336 individuals in the State of New York received the letter in question during the relevant time period. Plaintiff has formally and informally requested, on multiple occasions since the case began, that Defendants supply the number of New York accounts for which Defendant sent the violative letters during the applicable time period.

Defendant has failed to provide the information. Accordingly it is indisputable that the numerosity requirement is met in this action." ( Pl.'s Mem in Supp. at 5.)  No evidentiary support is provided for the assertion of 336 New York individuals receiving the letter during the relevant time period or, for that matter, defendant's alleged admission of that fact or its refusal to comply with a proper discovery request.[1] And in fact defendant asserts in its memorandum that the number of putative class members is "zero."  (Def.s' Mem. in Opp. at 10.) Nor does the only evidentiary submission - plaintiff's deposition - provide any support. While plaintiff testified that the letter in question was sent to more than two dozen people, she admitted on cross examination that she had no personal knowledge of that.  (Zirogiannis Dep. (DE 33-5) at p. 103.)  "Although evidence of exact size or identity of class members is not required . . . evidence of numerosity is nonetheless required." *Lewis v. National Financial Sys., Inc.*, 2007 WL 2455130, *8 (E.D.N.Y. Aug. 23, 2007) (internal citation omitted). Where "assertions of numerosity are based on pure speculation or bare allegations, the motion for class certification must fail." *Flores v. Anjost Corp.*, 284 F.R.D. 112 (S.D.N.Y. 2012)

As plaintiff has failed to satisfy Rule 23(a)'s first requirement, the Court need go no further.  The motion is denied without prejudice.

**SO ORDERED.**

Dated: Central, Islip, New York
December 11, 2015 /s/  Denis R. Hurley
Denis R. Hurley
District Judge

---

[1] The Court notes parenthetically that plaintiff did file a motion to compel discovery (DE 16) that was granted in part and denied in part by Magistrate Judge Tomlinson (DE 23).  As to those requests that were granted, Judge Tomlinson directed Defendants respond by February 16, 2015. (*Id.*)  Apparently plaintiff was satisfied with the responses as no further motion was filed.